# Chamberlain *v*. Mobile Fish & Oyster Company.

*Garnishment Suit.*

1. *Appeal in garnishment suit; contest of exemptions, assignments of error.*—Where in a garnishment suit, there is a claim of exemptions interposed by the defendant, and the court declines to strike the claim of exemptions upon motion of the plaintiff, and upon the hearing there is rendered a judgment discharging the garnishee, if on appeal the appellant's assignments of error relate only to the judgment discharging the garnishee, and no assignment of error is based upon the court's overruling the plaintiff's move to strike the claim of exemptions, which is not patently bad on its face, it cannot be said that the trial court erred in discharging the garnishee.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a garnishment suit, in which the appellant, W. C. Chamberlain, had recovered a judgment against Whiting Ames, and upon said judgment had sued out a writ of garnishment served upon the appellee the Mobile Fish & Oyster Co. The defendant, Ames, was employed

[Chamberlain v. Mobile Fish & Oyster Company.]

by the Mobile Fish & Oyster Co. In answer to the writ of garnishment, the garnishee admitted that from the date of the service of the garnishment to the day set for the oral answer, it had paid to the defendant at various times, his salary, which amounted in the aggregate to $550.00. The defendant filed his claim of exemptions, and therein claimed as exempt to him the money which had been paid to him by the garnishee as his salary. The plaintiff filed a contest of the claim of exemption, and moved to strike the claim from the file, and also moved for a judgment against the garnishee. The court over-ruled the contest, and also overruled the motion for a judgment against the garnishee, and there was rendered a judgment discharging the garnishee. From this judgment the present appeal is prosecuted.

The assignments of error are copied in the opinion.

JOHN R. TOMPKINS, for appellant, cited *Young v. Hubbard*, 102 Ala. 373; *Ely v. Blocker*, 112 Ala. 311; *Patillo v. Taylor*, 83 Ala. 230.

ERVIN & MCALEER, *contra*, cited *Pullman Palace Car Co. v. Henderson*, 120 Ala. 105.

DOWDELL, J.—The appeal in this case is taken from the judgment of the circuit court discharging the garnishee. The assignment of error on the record is as follows: "The court below erred in refusing judgment against the garnishee for money voluntarily paid the insolvent defendant in execution before the money so paid was claimed as exempt." "Erred in the refusing to sustain the contest of the exemption." "Erred in dis-charging the garnishee."

It is to be observed that the assignments relate to the judgment discharging the garnishee. It appears from the record that a claim of exemption was interposed by the defendant in execution to the money garnished. There is a bill of exceptions in the record, in which it is recited that a motion to strike the claim of exemptions was overruled, but this ruling of the court is not assigned as error. With the claim of exemptions in which on

30

its face is not patently bad, the court committed no error in discharging the garnishee.

Affirmed.

McCLELLAN, C. J., HARALSON and DENSON, J.J., concurring.